```
                 IN THE UNITED STATES DISTRICT COURT

                      FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                 Plaintiff,
     vs.                                Case No. 05-40159-01-RDR

ROBERT V. WALKER,

                 Defendant.
```

## MEMORANDUM AND ORDER

The purpose of this memorandum and order is to memorialize the ruling made by the court during the hearing on July 11, 2006 on defendant's motion to suppress identification.

The defendant is charged with bank robbery in violation of 18 U.S.C. § 2113(a). In his motion, the defendant seeks to suppress the pretrial out-of-court identification because the photographic lineup was overly suggestive. The defendant states: "The photographs shown to [teller of the bank] were not similar. Of the six photographs, Mr. Walker's was the only one which portrayed a clean-shaven man. Two of the six photographs portray men with white facial hair." The government responds that the photographic lineup was not unduly suggestive.

To determine whether admission of a witness identification from a photographic lineup violates a defendant's due process rights, we apply a two-prong test. First, we ask whether the photographic lineup was impermissibly suggestive. United States v. Wiseman, 172 F.3d 1196, 1208 (10th Cir. 1999); United States v.

Smith, 156 F.3d 1046, 1050 (10th Cir. 1998); United States v. Sanchez, 24 F.3d 1259, 1261-62 (10th Cir. 1994). Factors used to determine whether a photograph array is impermissibly suggestive include the size of the array, the manner of its presentation, and the details of the photographs. Smith, 156 F.3d at 1050. Second, if the lineup was impermissibly suggestive, we ask whether the identification was nevertheless reliable considering the totality of the circumstances. Sanchez, 24 F.3d at 1262. A defendant has the initial burden of proving that an identification procedure was impermissibly suggestive. See United States v. Wade, 388 U.S. 218, 240 n. 31 (1967).

To determine whether a photographic lineup is impermissibly suggestive, we first consider the size of the array. In this photograph lineup, the witnesses were shown six photographs. The Tenth Circuit has held that "the number of photographs in an array is not itself a substantive factor, but instead is a factor that merely affects the weight given to other alleged problems or irregularities in an array." Sanchez, 24 F.3d at 1262. While there is no per se rule that a lineup with only six photos is unconstitutional, this number is "sufficiently small to weigh heavily in the balance of factors to be considered." Smith, 156 F.3d at 1050 (quoting Sanchez, 24 F.3d at 1263). Thus, we must look to other factors to see if the size of this lineup rendered it impermissibly suggestive.

The second factor we consider is the manner in which the lineup was presented to the witnesses. Here, the defendant has raised no issue concerning how the lineup was presented to the witness.

The final factor we consider is the details of the photographs. This is the sole factor raised by the defendant, suggesting that the lineup is impermissibly suggestive because he is the only one who is clean-shaven.

Based upon a review of the lineup, the court must conclude that the six-photo spread is not unduly suggestive. In fact, the court sees nothing that causes any of the photographs to stand out from the rest. The lineup consists of six black men, all approximately the same age, standing in front of similar backgrounds. Several do have facial hair, but for the most part it is limited on each of the men. The court believes that this photo array, although small in numbers, is fair and not impermissibly suggestive.

Because we conclude that the photographic lineup was not impermissibly suggestive, we do not need to reach the second prong of the test, i.e., whether the identifications were nevertheless reliable. Sanchez, 24 F.3d at 1262 ("These two prongs must be analyzed separately, and it is only necessary to reach the second prong if the court first determines that the array was impermissibly suggestive.").

Accordingly, for the reasons stated above and during the hearing, the court shall deny defendant's motion to suppress identification.

**IT IS THEREFORE ORDERED** that defendant's motion to suppress identification (Doc. # 25) be hereby denied.

**IT IS SO ORDERED.**

Dated this 12th day of July, 2006 at Topeka, Kansas.

                                                s/Richard D. Rogers
                                                United States District Judge